CLARK HIBBARD agt. DAVID HOAG, impl'd with Edward Sims.

Where plaintiff brought a suit in this court on a justice's judgment, and on the same day, but subsequent to the service of the declaration, defendant brought an appeal on the judgment to the common pleas, and afterwards pleaded to plaintiff's declaration *in this court, the general issue and [*187] notice subjoined of bringing the appeal and the pendency thereof on the judgment; and on motion of defendant for judgment as in case of nonsuit, by reason of plaintiff's failing to notice, and bring the cause to trial at a subsequent circuit. *Held*, that the plaintiff might stipulate on payment of costs of motion.

*June Term*, 1846.

MOTION by defendant Hoag, for judgment as in case of nonsuit.

Defendants' papers stated that the venue was laid in the county of Onondaga; that issue was joined as to defendant Hoag, on the 13th of February last, and as to the defendant Sims, on the 16th of February last; that a circuit was held in and for Onondaga county, on the 2d Monday of April last; that this cause was not noticed for trial at that circuit, and that younger issues were tried, and this cause might have been tried.

Hibbard agt. Hoag.

Plaintiff's papers stated that the action in this cause was founded on a judgment recovered and rendered in a justice's court of Onondaga county for $100 damages, that the defendant Hoag resided in Onondaga county, but the defendant Sims did not reside in that county; the judgment was rendered in favor of the plaintiff against the defendant Hoag, impleaded with Sims on the 20th January last, and on the 30th day of January the declaration by which this suit was commenced was served on defendant Hoag, that on the same day, but at some time *subsequent* to the service of the declaration, Hoag brought an appeal on the justice's judgment to the court of common pleas of Onondaga county, and which appeal was yet pending and undetermined. On the 9th of February last, the defendant Hoag appeared by attorney, who served notice of retainer, in this cause, on plaintiff's attorneys, and on the 14th of February defendants' attorney served on plaintiff's attorneys a plea of the general issue and notice subjoined of bringing the appeal, and the pendency thereof, on the judgment.

H. C. Van Schaack, *defendants' counsel and attorney.*
N. Hill, Jr., *plaintiff's counsel.*
Wilkinson, Fleming & Bagg, *plaintiff's attorneys.*

Plaintiff's counsel insisted that the judgment before the justice was not extinguished by the appeal. The appeal might be *discontinued* by the appellant, or it might be *dismissed* by the common pleas, and then the judgment before the justice would be in full force. (6 *Hill*, 612.) The cause of action was not *destroyed* but *suspended.*

The defendant had not so pleaded as to avail himself of the appeal. He should have pleaded in *abatement.* His papers showed he had only pleaded in *bar.* (2 *Johns. Cases*, 312.) Hence the plaintiff might stipulate.

Jewett, Justice. Granted the motion, unless plaintiff stipulated and paid the costs of the motion.